[Civ. No. 10635.   First Appellate District, Division One.—November 30, 1938.]

W. A. WHITAKER, Appellant, v. U. C. EXPRESS AND STORAGE CO. (a Corporation), Respondent.

Fred W. Lake for Appellant.

Irving M. Liner for Respondent.

KNIGHT, J.—This is an appeal by plaintiff from a judgment in favor of defendant in an action in claim and delivery, to recover possession of household furniture.

The ownership of the furniture was not questioned, but at the time the action was commenced the furniture had been in storage in defendant's warehouse with plaintiff's knowledge for upwards of seventeen months, and was about to be sold at auction for nonpayment of accrued storage charges amounting to $124.62, and by way of cross-complaint defendant asked for and obtained a judgment establishing its lien covering the amount of the accrued charges. ■ The defendant had taken the furniture from a cottage in Berkeley and stored it

in its warehouse at the request of the Western Housing Corporation, the owner of the premises; and the decision in the case turned upon the question of whether plaintiff consented to such removal. The trial court found against plaintiff on that issue, and the main ground urged for reversal is insufficiency of the evidence to sustain said finding. It appears from the record, however, that there is a conflict of evidence on the point, and that the trial court's finding is supported by the testimony of two witnesses. Therefore, under well-settled rules, the conclusion reached by the trial court on that point is conclusive on this appeal.

The circumstances leading up to and attending the giving of such consent by plaintiff were these: The premises from which the furniture was removed formerly belonged to plaintiff; but more than four years prior to such removal said premises had been sold at trustees' sale to the Western Housing Corporation, and it took possession immediately, thereafter paid the taxes and exercised all rights of ownership over the property. The improvements on the premises consisted of a ten-room house, a cottage furnished with the household goods in question, and five garages, and at the time of the sale plaintiff was living in one of the garages, and renting the furnished cottage. Following the trustees' sale he was permitted to remain in the garage and keep his furniture in the cottage, there being some sort of an understanding that the Western Housing Corporation would resell the premises to him if and when he was able to finance the repurchase thereof. Meanwhile he continued to look after the property, helped to secure tenants therefor, at times collected the rent for the owner and occasionally deducted therefrom the cost of making repairs. This situation continued for approximately three years, that is, until September, 1933, at which time a dispute arose between the parties concerning plaintiff's tenancy, and said corporation filed an action to oust him therefrom. But summons was not served for several months. In the meantime, during the following year, 1934, plaintiff was sentenced to the county jail for three months on a misdemeanor charge, not connected in any way with any of these transactions. However, before starting to serve his sentence, plaintiff, as lessor, leased said cottage furnished, under a written lease dated June 1, 1934, for one year to a tenant named Tarr, and collected some of the rents. Upon learning thereof

two representatives of said corporation notified Tarr of said corporation's ownership of the premises and demanded payment to it of future rents. In response Tarr stated that on account of the existing controversy between the parties he would vacate; whereupon and in July, 1934, said representatives called on plaintiff at the county jail, informed him of Tarr's intention to vacate, and according to their testimony plaintiff at that time authorized them to have his furniture removed from the cottage so that the corporation could rent the cottage unfurnished. In so testifying they stated in substance that they first requested plaintiff to arrange for the removal of his furniture, and that he replied he was unable to do anything because he was in jail, and that they then informed him that if he so desired they would attend to the matter for him, and that he told them to go ahead, or words to that effect; and that acting pursuant to such authorization said corporation requested the defendant to remove the furniture to its warehouse and store it in plaintiff's name, subject to his orders. On August 31, 1934, this was done, and a few days thereafter the warehouse receipt therefor was mailed to plaintiff. Subsequently and on December 1, 1934, plaintiff's attorney wrote to defendant, claiming that plaintiff had not authorized the removal of the furniture. However, no steps were taken to recover possession thereof until February 29, 1936, at which time notice of sale of the furniture at public auction had already been given.

As a witness in his own behalf plaintiff admitted having conversed with the two representatives of said corporation while he was in the county jail, but he denied that anything was said about the furniture. It is quite evident, however, that at best such denial raised merely a conflict, and therefore since the testimony given by the corporation's two representatives is legally sufficient to sustain the trial court's conclusion as to the truth of the matter, its finding thereon is controlling on appeal.

As second ground for reversal plaintiff contends that the evidence is legally insufficient to support certain other findings made by the trial court, among them being those relating to the matter of possession of the premises between the date of the trustees' sale and the removal of the furniture. An examination of the record shows that there is no merit in any of the contentions so made; and since the question of plain-

tiff's consent to the removal of the furniture serves as the determining factor in the case, it becomes quite unnecessary to set out in this opinion the evidence supporting said other contested findings.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 26, 1939.